# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 30, 2016

```
* * * * * * * * * * * *
LORI EUBANKS, as parent and            *
natural guardian of S.J.S., a minor,   *   No. 13-155V
                                       *
             Petitioner,               *   Special Master Hamilton-Fieldman
                                       *
v.                                     *
                                       *
                                       *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *   Reasonable Amount Requested.
AND HUMAN SERVICES,                    *
                                       *
             Respondent.               *
* * * * * * * * * * * *
```

Anne C. Toale, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 4, 2013, Lori Eubanks ("Petitioner"), filed a petition for compensation on behalf of S.J.S., a minor, pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that a Diptheria Tetanus acellular Pertussis ("DTaP") vaccine administered to S.J.S. on April 21, 2011 caused her to suffer from overlap syndrome. Petition, filed March 4, 2013. On May 13, 2016, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

1

On November 21, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested compensation in the amount of $71,934.51 for attorneys' fees and costs. Petitioner's Application at 1-2, filed Nov. 21, 2016. Respondent filed a response to Petitioner's request on November 27, 2016, recommending that the special master use her discretion to determine a reasonable award for attorneys' fees and costs. Response at 3, filed Nov. 27, 2016. Petitioner filed a reply on December 8, 2016, reiterating Respondent's response that the statutory requirements for an award of attorney's fees and costs were met in this case, "without any specific objections to the fees or cost requested;" therefore, an award of $71,934.51 in attorneys' fees and costs is reasonable. Reply at 1. The undersigned agrees.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $71,934.51, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Anne C. Toale, of Maglio, Christopher & Toale, for attorneys' fees and costs.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).